# **EXHIBIT D**

*In re Vitro Asset Corp.*:  **Order on Motion to Transfer Venue**

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed May 13, 2011**

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| VITRO ASSET CORP., a/ka/ AMERICAN § | Case No. 11-32600 HDH-11 |
| ASSET HOLDING CORP. ; IMPERIAL § | |
| ARTS CORP.; VK CORP.; and § | |
| ORIENTAL GLASS, INC., § | |
| § | |
| Debtor § | |

## ORDER ON MOTION TO TRANSFER VENUE

On May 9, 2011, this Court considered the *Motion of the Petitioning Creditors to Transfer the Chapter 15 Bankruptcy Case of Vitro, S.A.B., de C.V. to the United States Bankruptcy Court for the Northern District of Texas Pursuant to Fed. R. Bankr. P. 1014(b)* (the "Motion"), and took the matter under advisement.

In the Motion, certain parties seek to transfer the Chapter 15 proceeding filed in New York by Vitro, S.A.B. de C.V. ("SAB") to this Court. That proceeding was filed after involuntary petitions

were filed against certain alleged debtors in this Court and also after several of such entities consented to an order for relief. The bankruptcy cases in this Court were filed prior to the Chapter 15 proceeding. The involuntary debtors and the consenting debtors are affiliates of SAB.

After careful consideration of the arguments made at the hearing, the Court has determined that the Motion should be granted.

### Commonwealth Oil

*Commonwealth of Puerto Rico v. Commonwealth Oil Ref. Co., Inc. (In re Commonwealth Oil Ref. Co. Inc.)*, 596 F.2d 1239 (5th Cir. 1979) ("*Commonwealth Oil*") is the controlling case in the Fifth Circuit on the transfer of venue of the Chapter 15 proceeding filed in New York. *Commonwealth Oil* instructs this Court to take into account the convenience of the parties and the interest of justice when considering a motion to transfer. *Id.* at 1247.

In analyzing the convenience of the parties, *Commonwealth Oil* provides lower courts and parties with a number of factors to consider in making such determination. And, the Fifth Circuit made clear that the most important consideration is whether the requested transfer will promote the economic and efficient administration of the estate.

It is clear that a number of the *Commonwealth Oil* factors are met in these cases. The Chapter 15 is based upon a proceeding now pending in Mexico. It is easier to get from Mexico to the Dallas-Fort Worth area than to New York, although this factor does not weigh too heavily with this Court as flights are readily available to both places. More importantly, the debtors in the cases pending in this Court are affiliates of SAB. They have overlapping claims which will need to be resolved. Having one United States Bankruptcy Court will promote the economic and efficient administration of the estate.

### Practical Reasons

While not controlling the ruling made herein, practical reasons, including judicial economy and the avoidance of inconsistent results, suggest a change of venue. Because the original judge to whom these proceedings was assigned has taken ill, matters in the instant case have been considered by four bankruptcy judges in the Northern District of Texas. Such multiplicity of judges was required because the cases and parties required quick attention and expedited settings. This process has been inefficient, both in terms of court time and parties' legal resources. The adage, "less is more," applies here. Having one United States Bankruptcy Court handling these matters instead of two is more efficient. As the Texas cases were filed first, the venue of the Chapter 15 should be moved.

The Motion is granted.

**SO ORDERED.**

###END OF ORDER###