## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Joint Administration Pending) |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this application (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Retention Order"), pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), appointing Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent ("Claims and Noticing Agent") in the Debtors' cases (the "Chapter 11 Cases") effective *nunc pro tunc* to the Petition Date (as defined below).  In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele (the "Steele Declaration"), attached hereto as Exhibit B, and respectfully state as follows:

---

[1]    The last four digits of FTX Trading Ltd.'s tax identification number are 3288.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/FTX.

## Background

1.      On November 11, 2022 and, with respect to Debtor West Realm Shires Inc., on November 14, 2022 (collectively, the "Petition Date"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 14, 2022, the Debtors filed a motion with the Court pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking joint administration of the Chapter 11 Cases.  No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the concurrently filed *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Motions*.

## Jurisdiction

3.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 156(c) of title 28 of the United States Code, section 503(b)(1)(A) of the Bankruptcy Code and Local Rule 2002-1(f).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

4.      The Debtors request entry of the Retention Order, among other things,
(a) appointing Kroll as the Claims and Noticing Agent for the Debtors and the Debtors' Chapter
11 Cases, including assuming full responsibility for the distribution of notices and the
maintenance, processing and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases,
effective *nunc pro tunc* to the Petition Date and (b) approving payment of an advance in the
amount of $300,000 for Kroll to hold during these Chapter 11 Cases as security for the payment
of its fees and expenses.  The Debtors' selection of Kroll to act as the Claims and Noticing Agent
has satisfied the Court's Protocol for the Employment of Claims and Noticing Agents under 28
U.S.C. § 156(c) (the "Claims Agent Protocol").  The Debtors have obtained and reviewed
engagement proposals from at least two other court-approved claims and noticing agents to
ensure selection through a competitive process.  Moreover, the Debtors submit that, based on all
engagement proposals obtained and reviewed, Kroll's rates are competitive and reasonable given
Kroll's quality of services and expertise.  The terms of Kroll's retention are set forth in the
Engagement Agreement attached hereto as Exhibit C (the "Engagement Agreement"); provided,
however, that the Debtors are seeking approval solely of the terms and provisions as set forth in
this Application and the proposed Retention Order.

5.      Although the Debtors have not yet filed their schedules of assets and
liabilities, they anticipate that there will be hundreds of thousands, if not millions, of entities and
individuals to be noticed.  Local Rule 2002-1(f) provides that "[i]n all cases with more than 200
creditors or parties in interest listed on the creditor matrix, unless the Court orders otherwise, the
debtor shall file [a] motion [to retain a claims and noticing agent] on the first day of the case or
within seven (7) days thereafter."  In light of the number of anticipated claimants and the

complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent is required by Local Rule 2002-1(f) and is otherwise in the best interests of both the Debtors' estates and their creditors.

6.      By separate application, the Debtors will seek authorization to retain and employ Kroll as administrative advisor in these Chapter 11 Cases pursuant to section 327(a) of the Bankruptcy Code because the administration of these Chapter 11 Cases will require Kroll to perform duties outside the scope of 28 U.S.C. § 156(c).

### Kroll's Qualifications

7.      Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Kroll's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.  Kroll's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Kroll's active and former cases include:  *Alto Maipo Delaware LLC*, No. 21-11507 (KBO); *CalPlant I Holdco, LLC*, No. 21-11302 (JTD); *Alpha Latam Management, LLC*, No. 21-11109 (KJS); *Mallinckrodt plc*, No. 20-12522 (JTD); *The Hertz Corporation*, No. 20-11218 (MFW); *Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y.); *GTT Communications, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y.); *GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y.); *Seadrill New Finance Limited*, No. 22-90001 (DRJ) (Bankr. S.D. Tex.); *Carlson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex.); *Basic Energy Services, Inc.*, No. 21-90002 (DRJ) (Bankr. D.R.J.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

8.      By appointing Kroll as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be expedited, and the Office of the Clerk of the Bankruptcy Court (the "Clerk") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

### Services to be Provided

9.      This Application pertains only to the work to be performed by Kroll under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f).  Any work to be performed by Kroll outside of this scope is not covered by this Application or by any order granting approval hereof.  Specifically, Kroll will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a)    Prepare and serve required notices and documents in these Chapter 11 Cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including (i) notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under § 341(a) of the Bankruptcy Code, (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 Cases;

(b)    Maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtors' known creditors and the amounts owed thereto;

(c)    Maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d)    Furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form

are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f)     For all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g)     Process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)     Maintain the official claims register for each Debtor (collectively, the "Claims Registers") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed:  (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), (vi) the applicable Debtor and (vii) any disposition of the claim;

(i)     Provide public access to the Claims Registers, including complete proofs of claim with attachments, if any, without charge;

(j)     Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

(k)     Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(l)     Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Kroll, not less than weekly;

(m)     Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(n)    Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o)    Identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p)    Assist in the dissemination of information to the public and respond to requests for administrative information regarding these Chapter 11 Cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q)    Monitor the Court's docket in these Chapter 11 Cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(r)    If these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three days of notice to Kroll of entry of the order converting the cases;

(s)    Thirty days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Kroll as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(t)    Within seven days of notice to Kroll of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of these Chapter 11 Cases; and

(u)    At the close of these Chapter 11 Cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154-1096 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

10.    The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by Kroll.

## **Professional Compensation**

11.      The Debtors respectfully request that the undisputed fees and expenses incurred by Kroll in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court.  Kroll agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

12.      Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.  The Debtors propose to provide Kroll with an advance in the amount of $300,000 to hold under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.[2]  Courts have approved similar postpetition advances in many large chapter 11 cases in this and other Districts. *See, e.g.*, *In re KaloBios Pharmaceuticals, Inc.*, No. 15-12628 (LSS) (authorizing Debtor to pay postpetition retainer to secure payment of fees and expenses); *Seadrill New Finance Limited*, No. 22-90001 (DRJ) (Bankr. S.D. Tex.) (same).

---

[2]      A prepetition wire for the advance was initiated to Kroll.  Due to an administrative error at the bank, however, the wire was reversed and the funds reverted postpetition.  As a result of these circumstances, this Application is seeking authorization to provide a postpetition advance to Kroll.

13. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless Kroll and its members, officers, employees, representatives and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

**Disinterestedness**

14. Although the Debtors do not propose to employ Kroll under section 327 of the Bankruptcy Code pursuant to this Application (such retention will be sought by separate application), Kroll has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors to date, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

15. Moreover, in connection with its retention as Claims and Noticing Agent, Kroll represents in the Steele Declaration, among other things, that:

(a) Kroll is not a creditor of the Debtors;

(b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c) By accepting employment in these Chapter 11 Cases, Kroll waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d) In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

(e)     Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f)     Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, Kroll will not intentionally misrepresent any fact to any person;

(h)     Kroll shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Kroll will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Kroll as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Compliance with Claims Agent Protocol

16.     This Application complies with the Claims Agent Protocol and substantially conforms to the standard application in use in the Court.  To the extent that there is any inconsistency between this Application, the Retention Order and the Engagement Agreement, the Retention Order shall govern.

## Basis for Relief Requested

**I.      Retention and Employment of Kroll as Claims and Noticing Agent is Permitted**.

17.     Bankruptcy Rule 2002 generally regulates what notices must be given to creditors and other parties in interest in bankruptcy cases.  Fed. R. Bankr. P. 2002(f).  Under Bankruptcy Rule 2002(f), the Court may direct that some person other than the Clerk give notice of the various matters described below.  Moreover, section 156(c) of title 28 of the United States

Code, which governs the staffing and expenses of a bankruptcy court, authorizes the Court to use

"facilities" or "services" other than the Clerk for administration of bankruptcy cases. 28 U.S.C.

§ 156(c).  Specifically, the statute states, in relevant part:

> Any court may utilize facilities or services, either on or off the
> court's premises, which pertain to the provision of notices,
> dockets, calendars and other administrative information to parties
> in cases filed under the provisions of title 11, United States Code,
> where the costs of such facilities or services are paid for out of the
> assets of the estate and are not charged to the United States.  The
> utilization of such facilities or services shall be subject to such
> conditions and limitations as the pertinent circuit council may
> prescribe.

28 U.S.C. § 156(c).

18.     In addition, Local Rule 2002-1(f) provides:

> Upon motion of the debtor or trustee, at any time without notice or
> hearing, the Court may authorize the retention of a notice and/or
> claims clerk under 28 U.S.C. § 156(c).  In all cases with more than
> 200 creditors or parties in interest listed on the creditor matrix,
> unless the Court orders otherwise, the debtor shall file such motion
> on the first day of the case or within seven (7) days thereafter.  The
> notice and/or claims clerk shall comply with the Protocol for the
> Employment of Claims and Noticing Agents under 28 U.S.C.
> 156(c) (which can be found on the Court's website) and shall
> perform the [Claims and Noticing Services].

Del. Bankr. L.R. 2002-1(f).  Accordingly, Bankruptcy Rule 2002, Local Rule 2002-1(f), and

section 156(c) of title 28 of the United States Code empower the Court to utilize outside agents

and facilities for notice and claims purposes, provided that the Debtors' estates bear the cost of

such services.

19.     For all of the foregoing reasons, the Debtors believe that the retention of

Kroll as the Claims and Noticing Agent in these Chapter 11 Cases is necessary and in the best

interests of the Debtors, their estates and creditors and all parties-in-interest.  Furthermore, the

Debtors respectfully submit that the fees and expenses that would be incurred by Kroll under the

proposed engagement would be administrative in nature and, therefore, should not be subject to standard fee application procedures of professionals.

## II.    *Nunc Pro Tunc* **Relief Is Appropriate**.

20.    Pursuant to the Debtors' request, Kroll has agreed to serve as the Claims and Noticing Agent on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Kroll may be compensated for its services prior to approval of this application.  The Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this application, because Kroll has provided and continues to provide valuable services to the Debtors' estates in the interim period.  The Local Rules empower courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here. *See, e.g.*, Del. Bankr. L.R. 2014-1(b) ("If the retention application is granted, the retention shall be effective as of the date the application was filed, unless the Court orders otherwise.").

21.    Courts in this jurisdiction have routinely approved *nunc pro tunc* employment, similar to that requested herein, in matters comparable to this matter.  *See, e.g.*, *In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (April 6, 2018); *In re Rand Logistics, Inc.*, No. 18-10175 (BLS) (Jan. 31, 2018) (approving *nunc pro tunc* employment of a claims and noticing agent to perform claims and noticing services); *In re ExGen Tex. Power, LLC*, No. 17-12377 (BLS) (Nov. 8, 2017) (same); *In re TerraVia Holdings, Inc.*, No. 17-11655 (CSS) (Aug. 3, 2017) (same); *In re Keystone Tube Co., LLC*, No. 17-11330 (CSS) (June 20, 2017) (same).

## Notice

22.    No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.  Notice of this Application will be provided to:  (a) the U.S. Trustee; (b) the

Securities and Exchange Commission; (c) the Internal Revenue Service; (d) the United States

Department of Justice; (e) the United States Attorney for the District of Delaware; (f) the parties

identified on the Debtors' consolidated list of 50 largest unsecured creditors; and (g) to the extent

not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be

provided.

### No Prior Request

23.     No prior application for the relief requested herein has been made to this

or any other Court.

### Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that the Court (a) enter the Retention Order, substantially in the form attached hereto as

Exhibit A and (b) grant such other and further relief as is just and proper.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: November 17, 2022
    Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
E-mail: landis@lrclaw.com
       brown@lrclaw.com
       pierce@lrclaw.com

-and-

**SULLIVAN & CROMWELL LLP**

Andrew G. Dietderich (admitted *pro hac vice*)
James L. Bromley (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
Alexa J. Kranzley (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail: dietdericha@sullcrom.com
       bromleyj@sullcrom.com
       gluecksteinb@sullcrom.com
       kranzleya@sullcrom.com

*Proposed Counsel for the Debtors*
*and Debtors-in-Possession*